The next case is Rio Linda v. United States, 18-1761. Mr. Schur, good morning, Your Honor. Good morning. You have reserved three minutes for rebuttal, correct? I have. Okay. You may begin, sir. Thank you, Your Honor. May it please the Court, I'd like to make three points. First, the Court below erred on the injury issue because the government caused a toxic substance, chromium-6, to enter the District's water systems at hazardous levels. This is a physical invasion of the District's property interests, which are known as use of fructuary interests, and was the direct, natural, and probable consequence of the Air Force's handling and disposal of chromium-6 at McClellan Air Force Base. So a question here is whether you've adequately alleged an injury that's independent from the maximum contaminant level, the MCL of California. Correct, Your Honor. That's one of the questions that was raised in the briefs. But the issue was never briefed or argued below. It was raised for the first time by the judge in the Court below. And if there is a need for amendment, we can certainly do that. But we believe that the pleadings adequately support the claim of injury and ripeness. Sure. What paragraphs of the complaint, sort of following up on Judge Reina's question, what paragraphs of the complaint do you say focus on injury and a taking or an invasion independent of the California MCL? Paragraph 12, Your Honor, refers to chromium-6 as a dangerous contaminant linked to numerous health risks. Page 8 of the record. 9 of the appendix, right? Yes, Your Honor. Sorry. What I'm looking for in particular and what I was thinking about is what paragraphs show an allegation of a taking resulting from the leaching of CR-6 into the substrata under your property independent of the MCL? In other words, what paragraphs stand alone separate and apart from the MCL allegation at the end? Your Honor, in paragraphs 48 of both complaints, we allege, and now it's in conclusory form, of course, but we allege that the actions of the defendants amount to an inverse condemnation of our property interests. But that doesn't make clear that you're alleging this as a physical taking when a lot of this discussion seems to be based upon California's regulations. Look at paragraph 49. Yes, Your Honor. That was cited in the brief, and that is an accrual date. And the testimony below, when we get back... There you're alleging that the injury accrued as a result of the imposition of the MCL. No, Your Honor. We're alleging that the injury occurred when the MCL was adopted because that's what put us on notice, started the investigation, and was what triggered the reasonable... the leaching of the contaminant. Your Honor, we believe that the date in July of 2014 is when the claim accrued. But that was because of when it put the district on notice of the hazardous nature of the material and led to the investigation that showed that it came from the government. So it's not the regulation that created the cause of action. That's just what led you to do further investigation and discover that the federal government had contaminated the groundwater. Correct, Your Honor. And every federal court of appeals... Prior to this time, was there any contamination? I mean, was there knowledge of contamination? There was knowledge of the presence of the contaminant, but the government affirmatively, repeatedly, and consistently asserted that it didn't come from the government. And in addition, there was not an appreciation of the risks associated with the presence. And these are all evidentiary issues that'll come out. And just to be sure, Maxwell Air Force Base sits right on top of that aquifer? It does, Your Honor. And it's the same aquifer from which the wells draw. So all these accrual things, though, seem to go to the accrual date for purposes of statute of limitations. Correct. Which didn't really get adequately explored because the Court of Federal Claims dismissed for lack of subject matter jurisdiction, seemingly considering this only as a regulatory takings action. That's correct. Do you agree that you're not raising a regulatory takings challenge? Yes, yes. We're raising a physical taking. I mean, your complaint could have been a lot more clear on this point. Perhaps it could have been. But we think that it is nonetheless the law is clear that what triggers the injury in a public water supplier's water supply and in their wells is the presence, the physical presence, of a contaminant at hazardous levels. This is consistent with the accrual jurisdiction in this circuit, which focuses on the plaintiff's knowledge. That sounds good and accurate, but that's not what you allege. Well, it is, Your Honor. We allege, for example, in paragraph 40, that it's the presence of chrome 6 in our wells that deprives us of our right to use and enjoy it. What page is that again? Your Honor, I apologize. All I have are the— 14. Appendix 14. Thank you. You should bring your appendix. I should. We allege that we have hold a property interest in our groundwater. So I gather then your argument is even though you don't expressly describe this as a physical takings, the factual statements you're describing throughout make clear that it's a physical takings claim, not a regulatory takings claim. Correct. And in our view, the complaint is written broadly enough to encompass this, particularly given that the law is very clear that the injury does not depend on the MCO. I know you didn't get here, but I'm just curious how you think you have a physical takings claim for contamination by the government of groundwater when those levels are within federal environmental levels. Well, Your Honor, the Second Circuit in the MPBE decision, which we discussed at some length, the Eleventh Circuit in the Aquafina—I'm sorry, Adenolphe decision, and the Ninth Circuit in the city of Pomona case all talk about how the MCL represents the worst water that a district is allowed to serve to the public before the state shuts the wells down, and that injury, as we've been discussing, does not depend on exceedance of the MCL. In fact, you're saying there can be contamination independent of the level set forth in the MCL. Correct, Your Honor. And in fact—and the most in-depth discussion of that is in the— Did you allege this? Did you make that allegation? Well, we alleged injury from the presence of the contamination. But then later—the problem is I see it. You later go on and say that this injury accrued at a certain date, and that's the date that's tied to the MCL. Correct. And the statute of limitations, which is the normal tort context, or the accrual date, which is the issue for purposes of this Court, is an intensely factual basis that depends on the plaintiff's knowledge of the severity of the contamination. That is, you have evolving scientific knowledge— The MCL has been—what's the status of it now? Has it been— It's on remand to the agency. But the key point is that the district— Would that mean that your allegation of injury is also on remand? No, Your Honor, because— Not literally, but, you know, I mean, it's pending, right? No. The district has a contaminant that it now knows— What's your theory of a taking based upon this contamination if it doesn't prohibit or limit your use of this water supply? There is an injury to our property interest, which is the same injury discussed in both MTBE and the City of Pomona case, and indeed in the Hansen case, which was a takings case. But is it an injury compensable under the takings clause? It is, Your Honor. And what's that theory? I mean, you can't just keep telling me you have an injury. Tell me your theory for why it's compensable under the takings clause. Well, among other things, Your Honor, in the absence of an MCL, the districts can be sued by their consumers for delivering poison water. So in other words, if there's an MCL, there's a safe harbor for the district for delivering water below it. If there's no MCL, then they're at risk because the reasonableness standard inures to the benefit of the consumers. And this is discussed in the in-ray groundwater cases by the California Supreme Court. So what's the theory for that suit of the consumers against you? Is it some kind of tort claim? Yes. Well, if it's some kind of tort claim against you, then why isn't it a tort claim from you against the government? Why isn't this handled under environmental laws versus taking laws? Because, Your Honor, contamination of drinking water is a well-established taking. In the Hansen case, which we discussed at length and the government ignored, they discussed that. What case is that and where is it from? It's from the Court of Claims. It is cited. What are the facts of that? The U.S. Forest Service buried wells on Forest Service ground and a hazardous contaminant called EDB leached through the soil and reached groundwater wells on the plaintiff's property, which had joined the Forest Service. And interestingly, MCLs, which the court pointed to as evidence of the injurious nature of the contamination, do not apply to private parties. But the court nonetheless found a taking because the EDB is a dangerous chemical, while Chrome 6 is a dangerous chemical. Did it find the taking because it rendered the wells completely useless? It was exactly the same as here, Your Honor, which is that in order to use the water from the wells, expensive treatment would need to be installed. Well, that's not exactly the same as here because that's not the facts of your case. It is the facts of our case, Your Honor. There's nothing that prevents you from using this groundwater under current levels. Your Honor, the district owns the right to use the water, and it has a hazardous contaminant that was put there by the government, and it cannot use that water. I mean, I don't want to belabor this because this is all merit stuff that probably needs to be explored on BREAMAN if we find you sufficiently alleged of physical takings. But I'm skeptical that when you're not, when the federal government hasn't violated any environmental laws, that this can be construed as a physical taking. Well, that will be an issue to explore on BREAMAN, Your Honor. And we believe that we've adequately pledged, but if there is a BREAMAN, we'd like a chance to amend. I think you were about to mention that you had a tort case pending. We do, Your Honor. Is that in district court? It is. Was it filed before or after this case? This case was filed first under the first file. Okay. I'll reserve the rest of my time. Thank you. All right. Counselor Hazard. Yes. Good morning. May it please the court. Can I just ask you, their complaint is very unclear, but if we read it, and I think we're supposed to construe it, you know, in their favor, as alleging a physical takings claim, don't we need to send this back because Judge Hodges didn't seem to address a physical takings claim? I don't think so because they haven't identified any taking or any harm to their use of water. In fact, and that's the basis on which the Court of Federal Claims addressed it. What about paragraph 40? Right. They say it deprives them of the right to use and enjoy the district's property interest, but Rio Linda, in a report on June 19, 2017, which is four days before they filed this complaint, stated that it is unclear what level of chromium-6 will be allowed once the new MCL is adopted and that the district might not need to remediate any of its wells. But that's the merits. It's not subject matter jurisdiction. It's... I mean, I apologize. I mean, takings law is incredibly complex and it depends on which box you put it in. Yes. But I read Judge Hodges' opinion as putting this in the regulatory takings box and he's right that there's no regulatory takings claim. There can't be because the federal government hasn't regulated anything. And your friend on the other side agrees with that. But if you look at this from a physical takings box, I know your view is the facts don't prove out that, but don't they make allegations in paragraph 40 and then even in paragraph 41 following it that there has been contamination that affects their property interest? And whether that amounts to a taking on the merits is something that would need to be explored on remand. I would agree with you that they make allegations, but for jurisdictional facts, when they're developed below, which they were to some degree here, they have a duty to show by a preponderance of the evidence that they satisfy jurisdiction. And they make no showing, and the only record here indicates that they are continuing to use all their wells. Can you point me then to where in Judge Hodges' decision that he's making, because it's a very short opinion, that he's making this as a factual jurisdictional conclusion rather than just on a 12B1? Because you would see, if he had converted this at least to some kind of factual findings, you would have thought he would have explained that in some ways. Yes, his discussion is at page 4 of the appendix, and it does seem to be all focused on a regulatory taking. Well, I didn't read it as him concluding that it was a regulatory taking. I know that's how the plaintiffs describe it. I just understood that he was saying, you say that you were deprived of a property interest by the promulgation of a regulation that has now been vacated. So... He's hinging it on the regulation. So, in essence, he's saying there's no case or controversy. Because your claim... My question is, why was the district not allowed to amend their complaint? Because they didn't move to amend their complaint. This has an inquiry. There is what I'd call a very slender read on that at the end of its response to your motion to dismiss. But the fact of the matter is here, the Court of Federal Claims did go off on a different basis than was argued by the government. As I understand, correct me if I'm wrong, the government argued, one, no jurisdiction because of 18 U.S.C. 3500, right? Right. And two, this is a tort case, not a takings case. Yes, that's right. As I read your papers in the Court of Federal Claims, and the judge then came in and didn't decide on either of those grounds, but rather went off on the ground that we've just been discussing in Appendix 4. Right. So, while I think there's a good argument for the proposition that in a normal circumstance, there wouldn't be enough for amendment here. There would not be enough for amendment? There would not be enough for amending here because they didn't argue enough. There are a lot of cases that weigh against them on that. But it does seem that they may have something to hang their hat on in the sense of the court going off on a ground that was not even asserted by the government or briefed or argued by the parties. Right. Let me ask you this. I don't think there was, but I'm sorry to interject. Was there any oral argument on this motion or just go off on the papers? Since I'm just an appellate counsel, I don't want to venture an answer to that. I don't think there was any. I don't think there was in looking at the docket record. Right. I mean, they haven't even here presented any evidence showing that they are deprived of use of their wells. Now, if they want to volunteer. That's the point, though. There hasn't been an evidentiary determination of any kind here. We're just looking at the pleadings. Right. And the pleadings say that they were deprived of the use of their wells on promulgation of a regulation which at the time they filed their complaint had been vacated. Well, but the paragraphs that I think Judge Hughes and Judge Rayna pointed to, 40 and 41 that were discussed, arguably go beyond the MCL or independent of the MCL. I mean, it may very well be that, as Judge Hughes was suggesting, that this case will have problems if it's remanded. Right. But we're at a pleading stage here. Right. And we're faced with a situation where the judge ruled on a basis not argued by the parties when there is seemingly enough in the complaint to suggest a takings claim. It may fail on remand and there may be a statute of limitations issue if it goes back. Well, I just point out, I understand what you're saying, but I would just point out that the districts themselves have not stopped using the water. They have continued to use the water, and in that way this is a very different case than in Hanson. But isn't that a good argument in your quiver on a fact issue? Again, that sounds like a merits issue. It doesn't sound like a subject matter jurisdiction issue. I think the subject matter jurisdiction issue, though, really comes down to have they stated that they are deprived of use of this water? Do they have to? This is what I'm a little confused, and I don't, frankly, know where I would come out on this. But do they have to allege that they're deprived of all use to have it be a physical taking? Or can it just be some limitation on their use because of the contamination? Because this isn't a regulatory taking, so it doesn't have to be deprived of all use. You can have partial physical taking. Right. Well, as I understand the record here, the districts are continuing to use the water, and, in fact, they've advocated to have the levels be- Right. Again, you're asking us to look outside the record to jurisdictional facts rather than just the complaint. And I guess I just understand your arguments, but if we just look at the complaint and construe it most favorably to them, it seems as at least those two paragraphs go beyond just the impact of the regulation and talk about the physical invasion of the contaminants, which would normally be enough to make an allegation and have jurisdiction, even if not prevail on the merits. Yeah. Can I ask you, there was some reference to 1500 in the judge's decision. Yeah. And that's why I asked your friend about the order of the complaint. Right. Is the government just keeping that alive because it wants to pursue its theory that the order of the filing doesn't matter? Because it's pretty clear, isn't it, that our precedent suggests that the order of filing does matter? It is clear, and that's why we did not brief that issue. So we have to go on bonk and reverse that. Exactly. I know that's the Justice Department's longstanding position. It is. It shouldn't matter, but okay. We just like to preserve it. I did want to just point out a few places in the record which led us to conclude that they have not established that they are not using the water. And that is primarily in the appendix at 135, where Rio Linda Water District stated that in a report that they filed just four days before the complaint was filed here, that they do not need to remediate any of their wells because they're all in compliance with the applicable regulations and that they're postponing remediation. And on the basis that their complaint alleged that they were deprived of use by promulgation of a regulation that's no longer in effect, we think they didn't adequately describe an injury. Let me draw your attention to appendix 190. 190? Yes. There at the end of that single paragraph, it says plaintiff requests an opportunity to conduct discovery and or leave to amend. What was the result of that? They weren't granted that. I mean, the result was the dismissal of the case. I asked you before and you told me they didn't move to amend. They did not. And they didn't file a Rule 59e motion seeking to alter the judgment. It does say plaintiff requests an opportunity to conduct discovery and or leave to amend, and you're telling me that the court denied both, the discovery. It didn't actually say anything about it. So, I mean, it didn't grant it. It was just silent on it. So they never moved to amend their complaint. They didn't file a separate formal motion. What's that? They didn't file a separate formal motion. They didn't file a motion. Under the rules. Right. They just referenced it in a brief. Ms. Hadley, let me ask you, if this case were remanded, would they be able at that point to amend the complaint or move to amend the complaint? Presumably, they would be able to. They would have to go through the procedures, which I think means, given the timing, they would have to notify or ask us. There would have to be a motion. Yeah, there would have to be a motion. Right. So, in conclusion, as the court has shown, it's very well aware. There are many issues, complicated issues, raised by the takings claims here. And in our view, the Court of Federal Claims resolved the case on the most straightforward basis, which is the lack of injury and no right claim. And we would urge this court to affirm the decisions on that basis. Okay. All right, we thank you. Mr. Sheriff, you have a little under three minutes. You've got two and a half minutes. Thank you, Your Honor. There was no oral argument on the motion before the action in the district court. Why didn't you follow up with a motion? Because, Your Honor, the judge issued the ruling on grounds that were not raised by anything in the government's brief and entered judgment the same day. So the case was dismissed and you didn't have the opportunity to? Correct. And the point I was going to make, Your Honor, is that the fight in the lower court was over whether the contamination comes from McClellan, comes from the Air Force base, not over any of the issues on which the judge ruled. Mr. Sheriff, I didn't hear what you said. You said, or I misunderstood. You said there was or was not oral argument? There was not. There was briefing on the motion to dismiss, which focused on the assertion by the government that the contamination didn't come from them. The focus of their motion was the 1500 issue and the tort claim. Correct. The tort argument. Correct. So it wasn't this. These issues weren't raised. They were brief. You didn't have a chance to respond to the judge's ruling. And in response to the question, I believe from Your Honor, Judge Schall, about whether you have to have a total loss of property or whether it can be partial, I think that the Ridgeline case? I think that was maybe Judge Hughes. I'm sorry, Judge Hughes. I apologize. I wouldn't want to steal someone's question. Well, the Ridgeline case discusses that and makes clear that you can have either a total deprivation or a partial deprivation. And let me just end by pointing out the importance of this case to the districts and to their rate payers. The lower court's ruling goes directly against the injury analysis of every federal appellate court that has looked at the issue in drinking water contamination cases. We haven't discussed the statute of limitations. A cruel issue today, but that's an intensely factual issue that's inappropriate for a motion to dismiss, much less being raised for the first time on appeal as it was here. Your Honor should reverse or, at a minimum, reverse with leave to amend. Okay. We thank you. Thank you. We thank the parties for their arguments.